UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID KAUFMANN,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>MANDIANT, INC., KIMBERLY ALEXY, SARA ANDREWS, RONALD E. F. CODD, ARTHUR W. COVIELLO, JR., KEVIN MANDIA, ADRIAN MCDERMOTT, VIRAL PATEL, ENRIQUE SALEM, and ROBERT SWITZ,<br><br>　　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff David Kaufmann ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Mandiant, Inc. ("Mandiant" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a)(4), and 78t(a). By the action, Plaintiff seeks to enjoin the vote on a proposed transaction pursuant to which Google LLC ("Google") will acquire the Company (the "Proposed Transaction").

2. On March 7, 2022, the Company entered into an Agreement and Plan of Merger to be acquired Google through its subsidiary Dupin Inc. (the "Merger Agreement"). The Merger Agreement provides that Company stockholders will receive 23.00 in cash for each share of Mandiant stock they own.

3. On April 28, 2022, Mandiant filed a Definitive Proxy Statement on Schedule 14A (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Mandiant

stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. The Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations in this District, or is an individual who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, a stockholder of Mandiant.

10. Defendant Mandiant is a Delaware corporation with its principal executive offices located at 11951 Freedom Drive, 6th Floor, Reston, Virginia 20190. Mandiant's shares trade on the Nasdaq Global Select Market under the ticker symbol "MNDT."

11. Defendant Kimberly Alexy is and has been a director of the Company at all relevant times.

12. Defendant Sara Andrews is and has been a director of the Company at all relevant times.

13. Defendant Ronald E. F. Codd is and has been a director of the Company at all relevant times.

14. Defendant Arthur W. Coviello, Jr. is and has been a director of the Company at all relevant times.

15. Defendant Kevin Mandia ("Mandia") has been Chief Executive Officer and a director of the Company at all relevant times.

16. Defendant Adrian McDermott is and has been a director of the Company at all relevant times.

17. Defendant Viral Patel is and has been a director of the Company at all relevant times.

18. Defendant Enrique Salem has been Chairman of the Board and a director of the Company at all relevant times.

19. Defendant Robert Switz is and has been a director of the Company at all relevant times.

20. Defendants identified in paragraphs 11-19 are referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

21. On March 8, 2022, Mandiant announced in relevant part:

RESTON, Va.--Mandiant, Inc. (NASDAQ: MNDT) today announced that it has entered into a definitive agreement to be acquired by Google LLC for $23.00 per share in an all-cash transaction valued at approximately $5.4 billion, inclusive of Mandiant's net cash. The offer price represents a 57% premium to the undisturbed 10-day trailing volume weighted average price as of February 7, 2022, the last full trading day prior to published market speculation regarding a potential sale of the Company. Upon the close of the acquisition, Mandiant will join Google Cloud.

For the past 18 years, Mandiant has delivered unparalleled frontline expertise and industry-leading threat intelligence. Mandiant's more than 600 consultants currently respond to thousands of security breaches each year. Paired with research from more than 300 intelligence analysts, these resulting insights are what power Mandiant's dynamic cyber defense solutions – delivered through the managed multi-vendor XDR platform, Mandiant Advantage.

Google Cloud has made security the cornerstone of its commitment to customers and users around the world – building cloud-native security into the foundation of its technology to block malware, phishing attempts and potential cyber attacks at scale. The Mandiant acquisition underscores Google Cloud's commitment to advancing its security offerings to better protect and advise customers across their on-premise and cloud environments.

The acquisition will complement Google Cloud's existing strengths in security. Together with Mandiant, Google Cloud will deliver an end-to-end security operations suite with even greater capabilities as well as advisory services helping customers address critical security challenges and stay protected at every stage of the security lifecycle.

"Cyber security is a mission, and we believe it's one of the most important of our generation. Google Cloud shares our mission-driven culture to bring security to every organization," said Kevin Mandia, CEO, Mandiant. "Together, we will deliver our expertise and intelligence at scale via the Mandiant Advantage SaaS platform, as part of the Google Cloud security portfolio. These efforts will help organizations to effectively, efficiently and continuously manage and configure their complex mix of security products."

"The Mandiant brand is synonymous with unmatched insights for organizations seeking to keep themselves secure in a constantly changing environment," said Thomas Kurian, CEO, Google Cloud. "This is an opportunity to deliver an end-to-end security operations suite and extend one of the best consulting organizations in the world. Together we can make a profound impact in securing the cloud, accelerating the adoption of cloud computing, and ultimately make the world safer."

The acquisition is subject to customary closing conditions, including the receipt of Mandiant stockholder and regulatory approvals, and is expected to close later this year. Goldman Sachs & Co. LLC is acting as exclusive financial advisor, and Wilson Sonsini Goodrich & Rosati P.C. is acting as legal advisor to Mandiant. For more information, please see Google's press release.

**The Proxy Statement Contains Material Misstatements or Omissions**

22. Defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to Mandiant's stockholders. The Proxy Statement misrepresents or omits material information necessary for the Company's stockholders to make an informed voting or appraisal decision on the Proposed Transaction.

23. Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (a) the Company's financial projections and the financial analyses that support the fairness opinion provided by the Company's financial advisor, Goldman Sachs & Co. LLC ("Goldman"); and (b) potential conflicts of interest faced by Company insiders.

*Material Omissions Concerning the Company's Financial Forecasts and the Financial Analyses Relied on by the Board*

24. The Proxy Statement omits material information regarding the financial forecasts for the Company including the projections reviewed by the Board at its January 11, 2022 meeting. *See* Proxy Statement at 40.

25. The Proxy Statement omits material information regarding the data and inputs underlying the valuation analyses performed by Goldman.

26. The Proxy Statement describes Goldman's fairness opinion and the various underlying valuation analyses. Those descriptions, however, omits key inputs and assumptions forming the bases of these analyses. The absence of this material information precludes the Company's public stockholders from fully understanding Goldman's work. As a result, Mandiant stockholders cannot

5

assess what significance to place on Goldman's fairness opinion in determining whether to approve the Proposed Transaction or otherwise act.

27. With respect to the *Illustrative Discounted Cash Flow Analysis* performed by Goldman, the Proxy Statement fails to disclose: (a) the terminal year estimate of the free cash flow of Mandiant; (b) the range of terminal values for Mandiant; (c) the inputs and assumptions underlying the range of discount rates Goldman utilized in connection with the analysis; (d) the Company's net operating losses; and (e) Mandiant's net debt as of December 31, 2021.

28. With respect to the *Illustrative Present Value of Future Share Price Analysis* performed by Goldman, the Proxy Statement fails to disclose: (a) Mandiant's forecasted net debt as of December 31 for each of fiscal years 2022 to 2024; (b) the projected year-end fully diluted shares of Company common stock for each of fiscal years 2022 to 2024; and (c) the inputs and assumptions underlying the discount rate Goldman utilized in connection with the analysis.

29. The omission of this information renders the statements in the "Projected Financial Information" and "Opinion of Goldman Sachs & Co. LLC" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act. Indeed, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

*Material Omissions Concerning Potential Conflicts*

30. The Proxy Statement also fails to disclose material information concerning potential conflicts and the background of the Proposed Transaction, including whether Google's proposals or indications of interest mentioned management retention or director participation in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

31. The Proxy Statement further fails to disclose when defendant Mandia, and any other member of Company management, first learned of the opportunity for a role with the post-closing company.

32. The omission of this information renders the statements in the "Background of the Merger" and "Interests of Mandiant's Directors and Executive Officers in the Merger" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

33. The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement.  Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other Mandiant stockholders will be unable to make an informed voting or appraisal decision on the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Mandiant**

34. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

35. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9.  Mandiant is liable as the issuer of these statements.

36. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.\

37. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

38. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

39. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

40. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

41. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act

2. Plaintiff repeats all previous allegations as if set forth in full.

3. The Individual Defendants acted as controlling persons of Mandiant within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers or directors of Mandiant and participation in or awareness of the Company's operations or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

4. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

5. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Proxy Statement -9 at issue contains the unanimous Proxy of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of this document.

6. In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Proxy Statement purports to describe the various issues and information that they reviewed and considered — descriptions which had input from the Individual Defendants.

7. By virtue of the foregoing, the Individual Defendants have violated section 20(a) of the Exchange Act.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Mandiant, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Mandiant stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it

and setting it aside or awarding rescissory damages to Plaintiff;

   C. Declaring that defendants violated Sections 14(d), 14(e) and/or 20(a) of the Exchange Act;

   D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

   E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: May 16, 2022     **LONG LAW, LLC**

          By */s/ **Brian D. Long***
            Brian D. Long (#4347)
            3828 Kennett Pike, Suite 208
            Wilmington, DE 19807
            Telephone: (302) 729-9100
            Email: BDLong@longlawde.com

            *Attorneys for Plaintiff*